IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA SKANES,                                )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )   Civil Act. No: 2:19-cv-892-WKW-SMD
                                             )
CITIZENS AND SOUTHERN                        )
NATIONAL BANK,                               )
                                             )
            Defendant.                       )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff filed a Complaint in state court alleging violations of the Fair Debt

Collection Act. (Doc. 1-1). Defendants removed the case to this Court, and filed a Motion

to Dismiss (Doc. 4) the Complaint for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6). The undersigned then entered an order directing Plaintiff to show

cause, if any there be, why Defendant's Motion should not be granted. (Doc. 6). A copy of

the order was returned undeliverable to Plaintiff. The undersigned subsequently entered an

order directing Plaintiff to update the Court with her current mailing address and contact

information on or before January 14, 2020. (Doc. 7). As of this date, Plaintiff has not done

so. Therefore, her Complaint is subject to dismissal *See McIntosh v. Gauthier*, 182 F.

App'x 884, 886 (11th Cir. 2006) (stating that Federal Rule of Civil Procedure 41(b) allows

a court to dismiss a complaint for failure to comply with a court order, with the federal

rules, or with the local rules).

The undersigned has considered whether a sanction lesser than dismissal would suffice in light of Plaintiff's failure to comply with the Court's Order but finds that dismissal is appropriate in this case. Plaintiff has failed to oppose Defendant's Motion to Dismiss and has failed to comply with this Court's order requiring her to update her address. Indeed, it appears that Plaintiff has taken no action outside of filing a complaint in state court to prosecute this action. Therefore, the undersigned finds that dismissal is proper. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (noting that a district court's dismissal is proper "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice" and that "[d]ismissal is generally not an abuse of discretion when the litigant has been forewarned").

Accordingly, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Complaint be DISMISSED for failure to prosecute and abide by orders of the Court. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 20, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and

legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of February, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE