IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA SKANES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-892-WKW |
| | ) [WO] |
| CITIZENS AND SOUTHERN NATIONAL BANK, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On February 6, 2020, the Magistrate Judge filed a recommendation that the court dismiss this action based on Plaintiff's failure to update the court with her current mailing address and contact information. (Doc. # 8.) Plaintiff did not file an objection to the recommendation. Based upon an independent review of the record, the court adopted the recommendation and dismissed this action on February 28, 2020. (Doc. # 9.) Final judgment was entered the same day. (Doc. # 10.) Plaintiff did not appeal the judgment. Instead, more than eight months later, Plaintiff filed a motion to set aside the judgment, asserting that the clerk of the court "recently informed [her] that mail was returned to the court." (Doc. # 11.) Plaintiff's motion is construed as a motion to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons to follow, the motion is due to be denied.

Rule 60(b) of the Federal Rules of Civil Procedure governs Plaintiff's motion to vacate the judgment. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To summarize, under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Within the Rule 60(b) framework, Plaintiff presents no grounds for relief.

To begin, Plaintiff's conclusory assertion that she recently learned that "mail was returned to the court" is insufficient to warrant reopening this action. (Doc. # 11.) Federal Rules of Civil Procedure 77(d) and 5(b) provide that the clerk of the court accomplishes service on a non-represented party by mailing notice to the individual's last known address. *See* Fed. R. Civ. P. 5(b)(2)(C), 77(d)(1). Plaintiff was properly served all court filings at her address of record. Additionally, only one was returned as undeliverable. The court's electronic records reflect that multiple

orders were entered in this case between December 5, 2019, and February 28, 2020. Only one of those orders—one that was entered on December 5—was rerouted back to the court. Specifically, on December 5, an order was entered directing Plaintiff to file a response to Defendant's motion to dismiss. (Doc. # 6.) A copy of this order was mailed to the address Plaintiff provided when she filed her Complaint, but that copy was returned as undeliverable. The subsequently entered recommendation of the Magistrate Judge, the order adopting the recommendation, and the final judgment were not returned. Plaintiff has failed to demonstrate that she did not receive copies of the recommendation, the order adopting the recommendation, and the final judgment. In any event, it is Plaintiff's responsibility to inform the court of any changes to her mailing address.

Against the foregoing backdrop, Plaintiff has not satisfied any of Rule 60(b)'s conditions for vacating the final judgment. Plaintiff did not file any objection to the recommendation within the allotted fourteen-day deadline, and she has not provided an adequate reason for why she waited so long—more than eight months—to communicate with the court. She has not indicated, much less established, that there was any mistake, inadvertence, or fraud involved. She has not shown excusable neglect for her failures to prosecute her action and respond to a court order. She also has not pointed to any newly discovered evidence or other reason justifying relief under Rule 60(b).

Accordingly, it is ORDERED that Plaintiff's motion to vacate the judgment (Doc. # 11) is DENIED.

DONE this 8th day of December, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE