IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA SKANES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-892-WKW |
| | ) [WO] |
| CITIZENS AND SOUTHERN | ) |
| NATIONAL BANK, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On February 6, 2020, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice "for failure of Plaintiff to prosecute and abide by orders of the Court." (Doc. # 8, at 2.) On February 28, 2020, the Recommendation was adopted (Doc. # 9), and final judgment was entered (Doc. # 10). On December 8, 2020, Ms. Skanes's motion to aside the final judgment was denied. (Doc. # 12.)

Now pending is Ms. Skanes's *pro se* motion to set aside/motion to reconsider based on discovery. (Doc. # 13.) Ms. Skanes contends that, while the mailing address on file with the court is correct, she requests the court to reopen the case and to send her filings and orders by email or text. The motion is due to be denied.

First, this case was removed from state court.  Post-removal, the Federal Rules of Civil Procedure govern.  *See* Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court.").  To the extent that Ms. Skanes requests that she be permitted to file electronically, *see* Fed. R. Civ. P. 5(d)(3)(B), that request is denied.

Second, Ms. Skanes has presented no grounds warranting relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (explaining that, under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence"); (*see also* Doc. # 12 (Order denying Ms. Skanes's Rule 60(b) motion).)

Third, Ms. Skanes has presented no grounds for reconsideration of its prior Order denying her Rule 60(b) motion (Doc. # 12).  *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (internal quotation marks and citation omitted).

Accordingly, it is ORDERED that Ms. Skanes's *pro se* motion to set aside/motion to reconsider based on discovery (Doc. # 13) is DENIED.

DONE this 2nd day of June, 2021.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE